# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA ASSOCIATION SERVICES, INC., <br><br>    Plaintiff, <br><br>v. <br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, *et al*., <br><br>    Defendants. | Case No. 2:11-CV-02015-KD-VCF <br><br>**ORDER** |

Presently before the Court is the Motion to Dismiss (#7) filed by individual Defendants Lam Tu and John Thaete. Plaintiff filed a response in opposition (#30) to which Defendants replied (#32).

Also before the Court is the Motion to Dismiss (#8) filed by Defendants First American Financial Corporation, First American Mortgage Services, First American Title Company, First American Title Company of Nevada, and First American Title Insurance Company (collectively with Defendants Tu and Thaete "Defendants"). Plaintiff filed a response in opposition (#31) to which Defendants replied (#33).

I. Background

Plaintiff Nevada Association Services, Inc., is a debt collection company whose primary clients are homeowner's associations. Plaintiff contracts with associations to attempt to collect debts,

including homeowner assessments, secured by real estate. If the property owner does not pay the debt, Plaintiff is authorized to seek recourse by proceeding in non-judicial foreclosure actions. Plaintiff relies upon outside organizations to perform critical services during the foreclosure process. Among these critical services is obtaining a Trustee Sale Guarantee ("TSG").

Defendants offer TSGs. A TSG verifies the location of the real property and requires Defendants to gather information including the identity of the title holder to the property, the names and addresses of all persons who have recorded requests to receive copies of Notices of Default and Notices of Sale, the name and addresses of additional persons who are entitled to receive copies of Notices of Default and Sale and the names of the designated newspapers for publication of notices in the correct judicial district.  Defendants also update all of this information as the foreclosure proceeds. These updates are known as "Date Downs" and are critical to properly complying with the law.

Plaintiff alleges that by providing it with TSGs and Date Downs over several years, Defendants created a course of conduct which established an implied agreement between the parties including that payment would be made to Defendant after collection efforts were complete. In October, 2011, Defendants proposed a new written agreement in place of the alleged implied agreement. According to Plaintiff, Defendants now refuse to provide Date Downs on pending foreclosures unless Plaintiff remits payment for all charges previously incurred during the process. According to Plaintiff, this is an alleged breach of the implied agreement. Plaintiff alleges that it cannot obtain TSGs or Date Downs from other companies because Defendants have already provided some services on the pending foreclosures.

Plaintiff filed its Complaint in State Court, which was subsequently removed (#1-5) on December 2, 2011. The Complaint contains claims for breach of contract, breach of the covenant of good faith and fair dealing, violations of N.R.S. § 686A, breach of fiduciary duty, fraud by nondisclosure, interference with contractual relationships, conspiracy, and negligence, and seeks declaratory and injunctive relief.

Defendants collectively have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and Defendants Tu and Thaete moved for dismissal for lack of jurisdiction pursuant to Rule 12(b)(2).

II.  Discussion

    A.  Legal Standard for Motion to Dismiss 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

    B.  Breach of Contract

To establish a claim for breach of contract, a plaintiff must allege: 1) the existence of a valid contract; 2) a breach by the defendant; and 3) damages resulting from defendant's breach. Saini v. Int'l Game Tech., 434 F. Supp.2d 913, 919–20 (D. Nev. 2006); Brown v. Kinross Gold U.S.A., Inc., 531 F. Supp.2d 1234, 1240 (D. Nev. 2008). Essential to the creation of a contract, whether express or implied, is a manifestation, by the parties, of an intent to contract. See Smith v. Recrion Corp., 541 P.2d 663 (Nev. 1975); In an implied contract, such intent is inferred from the conduct of the parties and other relevant facts and circumstances. Warrington v. Empey, 95 Nev. 136, 138-139 (Nev.1979). The terms of an implied contract can also be manifested by conduct or by other customs. Smith, 541 P.2d at 668.

Plaintiff alleges that under the facts and circumstances presented here, an implied contract emerged between the parties through a course of conduct. Plaintiff further alleges that the implied contract recognized that payment would be remitted to Defendants once Plaintiff received the outstanding debt or stopped collection efforts. Plaintiff avers that Defendants breached the implied agreement in October, 2011 by refusing to provide Date Downs prior to being paid for services already rendered.

Defendants argue that their conduct did not establish a course of conduct manifesting an intent to enter into an implied contract. Defendants also claim that Plaintiff has failed to allege essential terms of the purported payment thereby failing to adequately demonstrate than an implied contract existed.

It is undisputed that Defendants and Plaintiff never entered into an express, written agreement on the subject at issue. However, the Complaint contains sufficient allegations to state at least a plausible claim that through a course of dealing involving hundreds of transactions over several years, Defendants and Plaintiff manifested an intent to be bound, and agreed to material terms of an implied contract. Defendants correctly point out in their Reply that many cases exist where "parties allegedly entered into contracts, only to find out later that the contracts failed to contain necessary material terms." However, in this case a Motion to Dismiss is not the proper place for such a determination since it necessarily requires examination of the facts and circumstances. Accordingly, the Court denies the motion to dismiss the breach of contract claim.

C.  Breach of the Implied Covenant of Good Faith and Fair Dealing

To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege: 1) plaintiff and defendant were parties to a contract; 2) defendants owed a duty of good faith to plaintiff; 3) defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and 4) plaintiff's justified expectations were denied. Perry v. Jordan, 900 P.2d 335, 338; see Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 923 (1991). Every contract, including an implied contract, imposes upon each party a duty of good faith

…
…

and fair dealing in its performance and execution. <u>A.C. Shaw Contr. v. Washoe County</u>, 784 P.2d 9 (Nev. 1989). A plaintiff may assert an action if the defendant intentionally breaches the intention and spirit of the agreement. <u>Morris v. Bank of America</u>, 886 P.2d 454, 457 (Nev. 1994). An action for breach of the implied covenant of good faith and fair dealing arises only "in rare and exceptional cases" when there is a special relationship between the parties. A special relationship is "characterized by elements of public interest, adhesion, and fiduciary responsibility". <u>Insurance Co. of the West v. Gibson Tile Co. Inc.</u>, 134 P.3d 698, 702 (Nev. 2006).

Defendants again argue that they did not enter into an implied contract and that there was no relationship requiring them to provide their services without payment until after completion of the foreclosure sale or cessation of collection efforts.

As discussed supra, the facts and circumstances of the course of conduct between the parties will determine the terms of the contract and the nature of the parties' relationship. Plaintiff has alleged that it is unable to obtain the required TSG and Date Down services from other providers which suggests a plausible claim that a special relationship may exist between the parities which could give rise to a claim for breach of the covenant of good faith and fair dealing. Since the Court cannot, as a matter of law, determine the terms of the alleged agreement or that there was no special relationship between the parties, this claim survives the Motion to Dismiss.

D.  <u>Violations of N.R.S. § 686A</u>

The purpose of N.R.S. §§ 686A.010 to 686A.310, inclusive, is to regulate the business practices of insurance. N.R.S. § 686A.010. Plaintiff alleges that Defendants violated N.R.S. § 686A.030(1), § 686A.040, § 686A.230(2), and § 686A.310(1)(a) by: 1) misrepresenting the benefits, advantages, conditions and terms of their TSGs; 2) making representations and statements as to the conduct of their sales of their TSGs that are untrue, deceptive, and misleading; 3) seeking to collect premiums in excess of those agreed to between the parties; and 4) misrepresenting to Plaintiff relevant facts or insurance policy provisions, respectively.

N.R.S. § 686A.030 cannot apply because the allegations of the Complaint are not based on an

insurance policy. It is undisputed that the parties had no written contract relating to the relevant issue which is the timing of payment for the TSGs. Plaintiff's claims are based on a purported implied contract and Plaintiff has cited no authority suggesting that N.R.S. § 686A applies to implied agreements. Plaintiff's claim under this statute are bare assertions or mere recitations of the law void of factual allegation and cannot survive the motion to dismiss. Accordingly, the Court dismisses the claims for violations of N.R.S. § 686A.

### E. Breach of Fiduciary Duty and Negligence

Plaintiff concedes that the breach of fiduciary duty and negligence causes of action should be dismissed. Accordingly, the Court grants the Defendants' Motion to Dismiss the claims for breach of fiduciary duty and negligence.

### F. Fraud by Nondisclosure

To establish a claim for fraudulent concealment, a plaintiff must demonstrate that: 1) the defendant concealed or suppressed a material fact; 2) the defendant must have been under a duty to disclose the fact to the plaintiff; 3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, that is, he must have concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than he would if he knew the fact; 4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; 5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damages. Nevada Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. (9)(b).

Plaintiff admits that the allegations contained in the Complaint are conclusory and fail to identify the particular time, place, and specific parties involved. The complaint also fails to address a necessary element of fraud by nondisclosure: whether Plaintiff would not have acted as it did if it had known of the concealment or suppressed fact. Accordingly, this cause of action fails to state a claim for which relief may be granted and is dismissed.

G.  Intentional Interference with Contractual Relationships

To establish a claim for intentional interference with contractual relationship, the plaintiff must demonstrate: 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the defendant; and 5) actual harm to the plaintiff as a result of the defendant's conduct. Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc., 971 P.2d 1251, 1255 (Nev. 1998)(citing Leavitt v. Leisure Sports Inc., 734 P.2d 1221, 1225 (Nev. 1987)). Mere knowledge of a contract is insufficient.  Instead, it must be demonstrated that defendant intended to disrupt plaintiff's contractual relationships by inducing the third party to breach the contract with the plaintiff. J.J. Indus., LLC v. Bennett, 71 P.3d 1264, 1268 (Nev. 2003). However, it is clear that more than mere knowledge of a third party contract is required. Id.

Plaintiff has failed to sufficiently allege that Defendants induced third parties to breach their contracts with Plaintiff.  Assuming that Defendants were aware of third party contractual relationships, Plaintiff fails to plead specific facts showing that Defendants took or intended any action that would cause interference with those relationships.  Plaintiff has also failed to allege an absence of justification for any action by Defendants. Plaintiff's conclusory and incomplete allegations are insufficient. Accordingly, the Court grants the Motion to Dismiss the claim for intentional interference with contractual relationships.

H.  Civil Conspiracy

To establish a civil conspiracy claim, a plaintiff must demonstrate that: 1) the defendants were part of a combination of two or more persons; 2) the defendants intended to achieve an unlawful objective for the purpose of harming another; 3) damage resulted from the action; 4) defendants committed an underlying tort; and 5) an agreement existed between the defendants to commit that tort. Hilton Hotels v. Butch Lewis Productions, 862 P.2d 1207, 1210 (1993)(citing Sutherland v. Gross, 772 P.2d 1287, 1290 (1989)); GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev. 2001).

A corporation cannot conspire with its employees in their official capacities. <u>Duncan v. Countrywide Home Loans, Inc.</u>, 2010 WL 5463863 (D. Nev. 2010)(citing <u>Collins v. Union Fed. Sav. & Loan Ass'n</u>, 662 P.2d 610, 622 (Nev. 1994). A plaintiff pleading conspiracy must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the existence of a conspiracy. <u>Twombly</u>, 550 U.S. at 556. Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." <u>Arroyo v. Wheat</u>, 591 F. Supp. 141, 144 (D. Nev. 1984); <u>Futch v. BAC Home Loans Servicing, LP</u>, 2011 WL 4544006 (D. Nev. 2011). Dismissal is proper where a plaintiff fails to state how or when an alleged conspiracy was formed. <u>Goodwin v. Executive Tr. Services, LLC</u>, 680 F. Supp.2d 1244, 1254 (D. Nev. 2010).

Here, Plaintiff fails to adequately plead facts suggesting that discovery will reveal evidence of a conspiracy since Plaintiff has not adequately plead an underlying tort giving rise to a civil conspiracy. It is not enough to merely state that Defendants engaged in "blackmail" in a conclusory fashion. Specific facts showing that Defendants committed a recognized tort must be plead with particularity. Further, Plaintiff has not pled facts showing an unlawful objective. Plaintiff also fails to plead specific facts showing how and when Defendants participated in the conspiracy. Finally, there is no allegation suggesting that any employees acted beyond the scope of their official capacity or for their own interest. Accordingly, this cause of action fails and is dismissed.

I. Motion to Dismiss 12(b)(2)

The causes of action that implicated individual Defendants Tu and Thaete have been dismissed. Accordingly, Tu and Thaetes' Motion to Dismiss for lack of personal jurisdiction is moot.

J. Leave to Amend

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ..." Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S.

178,182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing have not been dismissed. The Court has doubts about the viability of Plaintiff's remaning claims. However, given the generous standard associated with granting leave to amend, the Court will permit amendment. If Plaintiff decides to file an amended Complaint realleging the claims dismissed in this Order, it must comply in every respect with the Federal Rules of Civil Procedure. The Court notes that Plaintiff has suggested that additional discovery may reveal facts supporting claims that it asserted in the Complaint. If Plaintiff's counsel did not believe that the facts of the case supported or were likely to support these causes of action, they should not have been included in the Complaint and should not be included in any subsequent complaint. See Fed. R. Civ. P. 11(b).

Any amended Complaint should be filed on or before August 15, 2012. Failure to file in accordance with this Order will result in dismissal of these claims without leave to amend.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#7) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that in Defendants' Motion to Dismiss (#8) is **GRANTED** in **PART** and **DENIED** in **PART**.

DATED this 30th day of July 2012.

_____
Kent J. Dawson
United States District Judge